**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Malik SMITH, a/k/a Michael Marvin Montana, Tarid M. Smith, Tarik N. Smith, Tarik Smith, Tarik Marchand Smith, Tarik Malik Smith, Milik and Tarid Smith, Defendant—Appellant.**

No. 05-50375.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2006.

Memorandum Filed May 26, 2006.

Memorandum Withdrawn March 31, 2008.

Filed March 31, 2008.

See also 520 F.3d 1097.

Becky S. Walker, Esq., Craig H. Missakian, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Davina T. Chen, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and JONES *, District Judge.

## ORDER

The memorandum disposition filed on May 26, 2006 is withdrawn. A superseding opinion and superseding memorandum disposition will be filed concurrently with this order.

The petition for rehearing and for rehearing en banc is DENIED as moot. The parties may file new petitions for rehearing or rehearing en banc as provided by Federal Rule of Appellate Procedure 40.

---

\* The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM \*\*

Malik Smith appeals his conviction for assaulting a fellow inmate with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3). He also appeals the 100–month sentence imposed consecutively to his undischarged term of imprisonment.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. The facts are known to the parties and will not be repeated here.

The government concedes, as it must, that the district court's imposition of a non-treatment drug testing supervised released condition that failed to state the maximum number of drug tests constituted an impermissible delegation of the court's statutory duty under 18 U.S.C. § 3583(d). *See United States v. Stephens,* 424 F.3d 876, 883–84 (9th Cir.2005).

The government also conceded, at oral argument, that the district court erroneously consulted U.S.S.G. § 5G1.3(a) instead of U.S.S.G. § 5G1.3(c) when it denied Smith's request for a concurrent sentence. We conclude that this error was not harmless. Because the district court failed to consult § 5G1.3(c), we cannot confidently conclude that the district court considered the appropriate factors when deciding whether to impose a wholly concurrent, partially concurrent, or consecutive sentence.

Because we conclude that the district court's error in applying the wrong guideline was not harmless, we do not reach Smith's claim that his sentence is unreasonable. *See United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006).

---

1. We consider only Smith's sentencing claims in this memorandum disposition. In a concurrently filed opinion, we addressed Smith's separate challenges to his conviction. *See United States v. Smith,* 520 F.3d 1097 (9th Cir.2008).

Accordingly, we **REVERSE** and **RE-MAND** for re-sentencing as to the non-treatment drug testing supervised release condition and as to the determination to impose Smith's sentence concurrently, partially concurrently, or consecutively to his undischarged term of imprisonment.